U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 23 2013

TONY R. MOORE, CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

CIVIL ACTION NO. 13-0072

JUDGE TOM STAGG

MOHAMMAD DAR AWWAD

## MEMORANDUM ORDER

Before the court is defendant Mohammad Dar Awwad's ("Awwad") motion to amend or revoke Magistrate Judge Mark Hornsby's order of Awwad's detention pending trial. See Record Document 23. For the reasons set forth below, Awwad's motion is **DENIED**.

## I. BACKGROUND

On February 28, 2013, Awwad was charged in a one count indictment with reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). According to the indictment, Awwad was found in the United States on October 15, 2012, after having been deported from the United States on May 13, 1993. See Record Document 1.

The government moved for pretrial detention at Awwad's arraignment. See Record Document 17. On March 25, 2013, Magistrate Judge Hornsby conducted a

lengthy hearing on the issue in which the government and Awwad each called two witnesses. See id. After the evidentiary hearing, the Magistrate Judge Hornsby found the defendant a flight risk and granted the government's motion for detention. See id. The magistrate's detention order provided the following statement of reasons for detention:

> Defendant is a risk of flight. He has the resources and means to leave this jurisdiction and avoid jail time in advance of his deportation. He has used multiple aliases in the past. He has made numerous misrepresentations to re-enter the United States and improve his immigration status. Furthermore, if he were granted bond, ICE would deport him within 4 to 6 weeks.

Record Document 21 at 2.  Subsequently, Awwad filed this motion to revoke or amend the magistrate's detention order. See Record Document 23. The government opposed the motion and Awwad replied. See Record Documents 26 and 27.

## II. ANALYSIS

A person ordered detained by a magistrate judge may file a motion to revoke or amend the detention order in the district court pursuant to 18 U.S.C. § 3145(b). Upon such a motion, the district court reviews the magistrate judge's pretrial detention order de novo. See United States v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992). Under this standard, the district court makes an independent determination of the appropriateness of the decision to detain. See id.; United States v. Lee, 156

F.Supp.2d 620, 623 (E.D. La. 2001).

The Bail Reform Act of 1984 governs the procedure for pretrial release and pretrial detention.[1] See 18 U.S.C. §§ 3141, et seq.; United States v. Byrd, 969 F.2d 106, 108 (5th Cir. 1992). It provides for pretrial detention if "no condition or combination of conditions will reasonably assure the appearance of the person of a defendant. . . ." 18 U.S.C. § 3142(e). An order of detention based on risk of flight must be supported by a preponderance of the evidence. See United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985).

After thoroughly reviewing the evidence, this court concurs with the magistrate's decision that no conditions will reasonably assure Awwad's appearance. First, Awwad possesses the necessary financial resources to flee. See Record Document 23, Ex. 1 at 85. Second, Awwad has extensive experience in deceiving the government. Awwad has used multiple aliases and provided numerous false statements to the Immigration and Naturalization Service in order to improve his immigration status and avoid detection as an illegal alien. See id., Ex. 1 at 17-22.

---

[1] Awwad argues that it was premature for Magistrate Judge Hornsby to order him detained and that he should only have been temporarily detained for ten days pursuant to 18 U.S.C. § 3142(d). See Record Documents 23 and 27. This is an incorrect statement of the law. The government may request detention pending trial at the initial appearance pursuant to 18 U.S.C. § 3142 (e) in lieu of seeking temporary detention under 18 U.S.C. § 3142 (d). See United States v. Becerra-Cobo, 790 F.2d 427, 430-31 (5th Cir. 1986).

He has lived in the United States under false pretenses since 1997. Third, Awwad has the wherewithal for international travel, as evidenced by two recent trips to Jordan using a Jordanian passport. See id., Ex. 1 at 23. Finally, if the court were to release the defendant, he would be deported to Jordan by United States Immigration and Customs Enforcement. See id., Ex. 1 at 37. Once deported, it would be impossible for this court to ensure his appearance. See id.

### III.  CONCLUSION

For these reasons, the court finds that no condition or combination of conditions will reasonably assure Awwad's appearance.

Accordingly, **IT IS ORDERED** that Awwad's motion to revoke or amend Magistrate Hornsby's detention order (Record Document 23) is **DENIED**. Awwad will be detained pending trial.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this _2 5_ day of April, 2013.

_____
JUDGE TOM STAGG